UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LENORA MATHEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:23-cv-01345-HBK<br><br>ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1]<br><br>(Doc. Nos. 16, 19) |

Stephanie Lenora Mathews ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income under the Social Security Act. (Doc. No. 1).  The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 16, 19).  For the reasons set forth more fully below, the Court remands the matter to the Commissioner of Social Security for further administrative proceedings.

**I.     JURISDICTION**

Plaintiff protectively filed for supplemental security income on December 17, 2020, alleging a disability onset date of July 1, 2020.  (AR 308-18).  Benefits were denied initially (AR

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

1  126-53, 194-99) and upon reconsideration (AR 154-81, 203-09). Plaintiff appeared for a
2  telephonic hearing before an administrative law judge ("ALJ") on January 18, 2023. (AR 81-
3  100). Plaintiff testified at the hearing and was represented by counsel. (*Id*.). The ALJ denied
4  benefits (AR 18-41) and the Appeals Council denied review (AR 5-10). The matter is before the
5  Court under 42 U.S.C. § 1383(c)(3).

## II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the hearing. (AR 93). She completed two years of college. (AR 354). She lives with her father. (AR 90). She has work history as a home attendant and receptionist. (AR 97). Plaintiff testified that she is unable to work because of anxiety, PTSD, lack of experience with technology, and issues with attendance. (AR 93-94). She reported she has been admitted on psychiatric holds twice since 2020, and she has episodes where she sees and hears things. (AR 85-86, 94). Plaintiff testified that she has night terrors almost every night and takes two naps a day for half an hour at a time. (AR 86). She has difficulty with large groups, problems with memory, anxiety attacks three to four times a week, and paranoia that has resulted in hospitalizations. (AR 86-89).

## III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.

*Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.    SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's

impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 17, 2020, the application date. (AR 24). At step two, the ALJ found that Plaintiff has the following severe impairments: 1) a mental impairment variously diagnosed as panic disorder, major depressive disorder, generalized anxiety disorder, bipolar I disorder with psychotic features, bipolar II disorder, unspecified anxiety disorder, post-traumatic stress disorder (PTSD), and borderline personality disorder; 2) morbid obesity; and 3) cannabis use disorder. (AR 24). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 25). The ALJ then found that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 416.967(b) with lifting/carrying/pushing/pulling 20 pounds occasionally and 10 pounds frequently; standing/walking/sitting all 6 hours of an 8-hour day; occasional in all postural categories such as stooping, crouching, kneeling, crawling, and climbing ramps and stairs but no climbing ladders, ropes, or scaffolds; avoid concentrated exposure to temperature extremes, wetness, work hazards, and fumes, odors, dusts, gases, and poor ventilation. She is limited to nonpublic simple work consisting of simple routine repetitive tasks with only occasional interaction with supervisors and coworkers. She is limited to low stress work defined as no production or pace work, such as an assembly line, and only occasional changes in work setting.

(AR 27-28). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 34). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: merchandise marker, routing clerk, and photocopy machine copier. (AR 35-36). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since December 17, 2020, the date the application was filed. (AR 36).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1).

Plaintiff raises the following issue for this Court's review: whether the ALJ erred in failing to include moderate limitations assessed by Dr. Bonilla into the RFC despite finding her opinion generally persuasive or provide adequately supported reasons for rejecting those portions of the opinion. (Doc. No. 16 at 10-16).

## VII.   DISCUSSION

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the

medical opinion(s) or prior administrative medical finding(s) will be. 20 C.F.R. § 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id*. at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In June 2021, Pauline Bonilla, Psy.D. opined that Plaintiff had moderate limitations in her ability to perform detailed and complex tasks, interact with co-workers and the public, complete a normal workday/work week without interruptions from a psychiatric condition; and deal with stress and changes encountered in the workplace. (AR 644-45). Dr. Bonilla also opined that the likelihood of Plaintiff emotionally deteriorating in a work environment is moderate; and she had mild to moderate limitation in her ability to maintain regular attendance in the workplace. (*Id*.). The ALJ found "Dr. Bonilla did not identify the claimant's functional abilities, but the statements on having mild to moderate limitations are otherwise generally persuasive. The doctor provided some general explanations and the cited limitations are generally supported by the many unremarkable mental status examination findings but recalling 3/4 digits backward and 2/3 objects after five minutes." (AR 33 (citing AR 643)).

As an initial matter, Plaintiff argues the ALJ failed to provide the requisite analysis of the

1  consistency factor when considering Dr. Bonilla's opinion under the revised regulations. (Doc.
2  No. 16 at 13-14). Plaintiff is correct that the ALJ must explain how it considered both
3  supportability and consistency when evaluating the persuasiveness of a medical opinion. *See*
4  *Woods*, 32 F.4th at 792; *see also Hiten v. Kijakazi*, 2023 WL 5806452, at *5-6 (E.D. Cal. Sept. 7,
5  2023) (collecting cases noting the ALJ must explain how both supportability and consistency
6  factors were considered in determining the persuasiveness of an opinion). Here, a plain reading
7  of the ALJ's decision indicates that the ALJ did not address the consistency of Dr. Bonilla's
8  opinion with evidence from other medical and nonmedical sources in the record. (AR 33 (citing
9  Dr. Bonilla's own explanations and cited limitations, including "unremarkable mental status
10 examination findings")); 20 C.F.R. § 416.920c(c)(2). Defendant does not dispute whether the
11 ALJ properly considered the consistency factor, rather, Defendant argues that Plaintiff fails to
12 establish harmful error because the RFC does not conflict with Dr. Bonilla's opinion. (Doc. No.
13 19 at 10).
14        More specifically, Defendant argues any error in considering the Dr. Bonilla's opinion
15 was harmless because the assessed RFC limiting Plaintiff to a "reduced range of simple work"
16 properly incorporated the moderate limitations assessed by Dr. Bonilla in Plaintiff's ability to
17 complete a normal workday/workweek, deal with stress and changes in the workplace, and
18 likelihood to emotionally deteriorate in the work environment. (Doc. No. 19 at 5-7 (collecting
19 cases finding RFC limitation to simple tasks accommodated opinion assessing moderate
20 limitations in plaintiff's ability to respond to work pressure, maintain regular attendance, and
21 complete a normal workday/workweek); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th
22 Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to
23 concentration, persistence, or pace where the assessment is consistent with restrictions identified
24 in medical testimony). Plaintiff argues that despite finding Dr. Bonilla's opinion "generally
25 persuasive," the ALJ erred in assessing the RFC because it did not account for the opined
26 moderate limitations in Plaintiff's ability to complete a normal workday/work week, moderate
27 likelihood of emotional deterioration in the work environment, and moderate limitation in the
28 ability to deal with stress and changes encountered in the workplace in the RFC, or provide the

8

requisite reasons, supported by substantial evidence, for rejecting those limitations.  (Doc. No. 16 at 11-12).

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a).  The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record.  (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Initially, Defendant cites SSA policy and federal regulations regarding "moderate limitation" in support of the argument that "[t]here was nothing in the psychologist's examination and opinion that suggested the claimant's moderate difficulty would prevent the claimant from working within the confines of the ALJ's RFC finding."[2] (Doc. No. 19 at 8-9).  However, as held in Eastern District of California, whether moderate limitations are work preclusive does not "resolve the inquiry" because the "question is whether the ALJ, having accepted [the] opinion, appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC."  *Harrell v. Kijakazi*, 2021 WL 4429416, at *6-7 (E.D. Cal. Sept. 27, 2021).  As noted above, Defendant relies on *Stubbs-Danielson* and subsequent cases in the Ninth Circuit finding that a limitation to simple work with limited public contact properly accounted for moderate limitations in completing a normal workday/workweek, responding to work pressures, and

---

[2] Defendant additionally argues that Plaintiff "ignores" the fact that the state agency medical consultants "similarly found that Plaintiff had moderate mental limitations (AR 139, 166), and they formulated this into concrete functional limitations for nonpublic simple work (AR 149, 176)." (Doc. No. 19 at 7). However, in the decision, the ALJ found the medical source's findings that Plaintiff could sustain nonpublic simple work and notes that Plaintiff's "memory; concentration, persistence, pace; and adaptation were sufficient for simple tasks" were persuasive, and the ALJ added a restriction for low-stress work with only occasional changes in the work setting based on the moderate limitations in adapting or managing oneself.  (AR 320).  While these findings are certainly relevant to the ALJ's formulation of the overall RFC, the Court is unclear how the Plaintiff's purported failure to challenge the ALJ's consideration of their opined limitations impacts the Court's analysis of whether the ALJ erred in considering the separate and distinct limitations opined by Dr. Bonilla.

interacting with others. (Doc. No. 19 at 5-9 (citing, e.g. *Salmeron v. Kijakazi*, 2023 WL 2617051, at *6 (E.D. Cal. Mar. 23, 2023) (finding RFC for simple work accounted for moderate limitations in plaintiff's ability to complete a normal workday workweek, in part because the RFC also included limitations in that work could be learned in up to and including 30 days of training, no time sensitive strict production quota work, no direct interaction with the public, and only occasional interaction with coworkers and supervisors)). However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018). After review of the most recent case law, the Court agrees.

> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption. The district court case law in support of Defendant's position is sparser and more outdated. The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.

*Harrell*, 2021 WL 4429416 at *6 (internal citations omitted); *see also Macias v. Saul*, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Gowan v. Comm'r of Soc. Sec.*, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) (citing *de los Santos v. Kijakazi*, 2022 WL 1541464, at *6 (E.D. Cal. May 16, 2022) ("The case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance"); *Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6, 2020) (restriction to simple, routine tasks dos not account for assessed limitations in ability to complete a normal workday or workweek without interruptions from psychiatric condition and the ability to deal with stress or changes encountered in the workplace);

*Millsap v. Kijakazi*, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found persuasive, including ability to complete a normal workday or workweek); *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work involving simple and repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from psychiatric condition, and handling work-related stress); *but see Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, and complete a normal workday/workweek without interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding RFC limitation to simple unskilled work adequately captured opined moderate limitations in completing a normal workday and work week).

  Based on the foregoing, the Court finds the RFC limiting Plaintiff to nonpublic simple work consisting of simple routine repetitive tasks, only occasional interaction with supervisors and coworkers, and non-production line work with only occasional workplace changes, does not account for Dr. Bonilla's findings of moderate limitations in Plaintiff's ability to complete a normal workday/work week and the likelihood of emotional deterioration. The ALJ's failure to provide reasons, supported by substantial evidence, to reject those limitations, particularly as to her ability to attend a workday/work week and likelihood for emotional deterioration, or to properly incorporate those limitations into the assessed RFC, constitutes error. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC."). Further, on the record before the Court it cannot conclude that the error was harmless, as the VE testified that missing more than three days of work per month or being off task 20 percent of the workday

1  would not be allowed in competitive employment.  (AR 99); *see Stout v. Comm'r of Soc. Sec.*
2  *Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error
3  harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the
4  [evidence], could have reached a different disability determination").

5  On remand, the ALJ must reconsider Dr. Bonilla's opinion along with the relevant
6  medical evidence, and, if necessary, reassess the RFC.

7  **B. Remedy**

8  Plaintiff contends that the proper remedy in this case is a remand for further
9  administrative proceedings.  (Doc. No. 16 at 17); *see Treichler v. Comm'r of Soc. Sec. Admin.*,
10  775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further
11  administrative proceedings would serve a useful purpose).  The Court agrees.  Here, the ALJ
12  improperly considered the medical opinion evidence, which calls into question whether the
13  assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by
14  substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential
15  factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*,
16  775 F.3d at 1101.  On remand, the ALJ should reconsider the medical opinion evidence.  The ALJ
17  should order additional consultative examinations and, if appropriate, take additional testimony
18  from medical experts.  The ALJ should conduct a new sequential analysis, reassess Plaintiff's
19  RFC and, if necessary, take additional testimony from a vocational expert which includes all of
20  the limitations credited by the ALJ.

21  Accordingly, it is **ORDERED**:

22  1. Plaintiff's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

23  2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 19) is DENIED.

24  3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the
25  Commissioner's decision and REMANDS this case back to the Commissioner of
26  Social Security for further proceedings consistent with this Order.

27  4. An application for attorney fees may be filed by separate motion within thirty (30)
28  days.

    5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:   January 16, 2025

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE